## 61134. JACKSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of first degree arson.

1. In his first enumeration of error appellant asserts that the evidence adduced at trial was insufficient to overcome the legal presumption that the fire in question was of accidental or providential origin.

During the trial an experienced arson investigator testified for the state that, based on the results of his investigation, he believed the fire had been deliberately set. Appellant's attack on the sufficiency of this testimony to support the finding of arson is predicated on the argument that the investigator's opinion was based not on positive evidence that the fire had been deliberately set, but, rather, on the absence of evidence that the fire had accidental or providential origins. We find this argument meritless. The testimony of the expert was clearly admissible. *Phillips v. U. S. Fidelity &c. Co.,* 142 Ga. App. 333, 334 (4) (235 SE2d 771) (1977); *Parker v. State,* 145 Ga. App. 205, 207 (2b) (243 SE2d 580) (1978). The testimony was sufficient to rebut the presumption that the fire occurred from accidental or providential causes and to permit the jury to find that the fire had been deliberately set. See *Lester v. State,* 145 Ga. App. 847 (1) (244 SE2d 880) (1978). The weight to be given to this testimony was within the exclusive province of the jury. "When reviewing a conviction on the general grounds, this court considers the sufficiency, not the weight, of the evidence." *Whitten v. State,* 143 Ga. App. 768, 771 (240 SE2d 107) (1977). Appellant's first enumeration of error is consequently without merit.

2. In related enumerations of error appellant cites as defective the following two charges given by the trial court on the subject of legal presumptions: "The acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted," and "[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his act, but the presumption may be rebutted." Specifically, appellant contends that these charges are unconstitutionally burden-shifting under the holding of the United States Supreme Court in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), because the trial court failed to instruct the jury as to the quantum of proof required to rebut these presumptions.

The charges in question were taken almost verbatim from Code Ann. §§ 26-603 and 26-604. Similar charges taken from these Code sections have previously been found by the courts of this state to meet

the Sandstrom requirements. See *Moses v. State,* 245 Ga. 180, 182 (263 SE2d 916) (1980), and *Peacock v. State,* 154 Ga. App. 201 (5) (267 SE2d 807) (1980). An examination of the charges cited by appellant as defective under Sandstrom reveals no basis upon which these charges can be differentiated from the charges approved in *Moses v. State,* supra. Accordingly, we find no merit in appellant's second and third enumerations of error.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 19, 1981.

*G. F. Peterman III,* for appellant.
*Thomas J. Matthews, Assistant District Attorney,* for appellee.