## 62519. MASON v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for distributing obscene materials. *Held:*

1. Defendant originally appealed to the Supreme Court and in his first enumeration asserted that the constructive knowledge provision of Code Ann. § 26-2101 (Ga. L. 1968, pp. 1249, 1302; 1975, p. 498), the statute under which he was convicted, was unconstitutional. The Supreme Court, stating that the only constitutional question within its jurisdiction had been expressly decided (adversely to defendant) in *Sewell v. State,* 238 Ga. 495 (233 SE2d 187), transferred the case to this court for resolution of the remaining issues.

2. The second enumeration alleges that the trial court's charge on constructive knowledge, which was in the exact language of Code Ann. § 26-2101, supra, failed to meet the standards of Hamling v. United States, 418 U. S. 87 (94 SC 2887, 41 LE2d 590).

This issue was also decided adversely to defendant by *Sewell v. State,* 238 Ga. 495 (4), supra, where the court said: "[The defendant] complains of the charge on constructive knowledge as a violation of constitutional requirements of scienter as set forth in Hamling v. United States . . . In Hamling . . . the court held: 'It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he

had not brushed up on the law. Such a formulation of the scienter requirement is required neither by the language of 18 USC § 1461 nor by the Constitution.'

"The charge given here was in the exact language of the Code section and did not place a greater burden on appellant than 'knowledge of the contents of the materials he distributed.' There is no merit in this enumeration of error."

3. The remaining enumeration complains of the defense not being allowed access to statements from which a prosecution witness refreshed his recollection at trial. Defendant had no right to examine such statements. *McEachin v. State*, 245 Ga. 606 (5) (266 SE2d 210), and cases there cited.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Barry A. Karp, Charles W. Boyle,* for appellant.
*Hinson McAuliffe, Solicitor,* for appellee.