62509. THAW v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for theft by receiving stolen goods. *Held:*

1. The evidence produced at trial was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

2. The trial judge's instructions to the jury contained the following language with regard to *intent:* "It may be inferred from the proven circumstances or intent may be inferred by acts and conduct, or it may be presumed when it is the natural and necessary consequence of the act, but any such inferences or presumptions may be rebutted."

We find nonmeritorious the defendant's argument that the charge violated the holding of Sandstrom v. Montana, 442 U.S. 510 (99 SC 2450, 61 LE2d 39).

It should be observed that the trial judge had previously charged the jury as to reasonable doubt, that intent was an essential element of the offense which must be proved beyond a reasonable doubt and that intent was always a question for the jury. After the portion of the charge complained of the trial judge charged: ". . . you may infer that a person of sound mind and discretion intends the natural and probable consequences of his act. Whether or not you make any such inference is a matter solely within the discretion of you, the jury." He also instructed the jury: ". . . a person will not be presumed to act with criminal intent, but the trier of the facts, and that is you, the members of the jury, may find such intention or the absence thereof . . ." He then added: "Neither the presumption nor the inferences mentioned by the Court in these instructions place any affirmative burden upon the accused."

The instruction in the case sub judice is in almost identical language to that found not to be a violation of Sandstrom, supra, in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900). Moreover, "The charge to the jury must be viewed as a whole and not taken as single instructions in artificial isolation." *Moses v. State,* 245 Ga. 180, 182 (263 SE2d 916). The charge in its entirety made it abundantly clear that there was no burden shifting presumption such as that condemned in Sandstrom, supra. See *Kerr v. State,* 154 Ga. App. 470 (2) (268 SE2d 762); *Blair v. State,* 245 Ga. 611, 616 (266 SE2d 214).

3. The remaining enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1981 —
REHEARING DENIED NOVEMBER 6, 1981 —

*Randall M. Clark,* for appellant.
*Glenn Thomas, Jr., District Attorney, John Johnson, Assistant District Attorney,* for appellee.