### 64720. JOHNSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of burglary. He was sentenced to ten years, two years to serve in confinement with eight years on probation, and fined $1,000. On this appeal he enumerates four allegations of error, all relating to the jury charge. *Held:*

1. Defendant's first contention is that the trial court erred in refusing his request to charge on criminal trespass as a lesser included offense. Criminal trespass (Code Ann. § 26-1503 (Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859; 1979, p. 764)) is indeed a lesser included offense of burglary. *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518); *Huffman v. State,* 153 Ga. App. 203 (2) (265 SE2d 603). If the evidence warrants a requested charge on a lesser included offense, it is reversible error to refuse it. *State v. Stonaker,* 236 Ga. 1, 2 (Rule 3) (222 SE2d 354), cert. den. 429 U. S. 833; see Beck v. Alabama, 447 U. S. 625, 636 n. 12 (100 SC 2382, 65 LE2d 392).

We find that the evidence did not warrant the giving of the

requested charge in the case sub judice. Defendant steadfastly maintained at trial that he had neither entered nor had even been near the building where the burglary took place. Having denied being there, he was not entitled to a charge to the effect that if the jury disbelieved him they could still come back with a verdict of guilty on the lesser offense, differing only from burglary in criminal intent. *Tuggle v. State,* 149 Ga. App. 844, 845-846(6) (256 SE2d 104); *Deese v. State,* 137 Ga. App. 476, 477 (3) (224 SE2d 124). See *Lundy v. State,* 139 Ga. App. 536, 540 (2) (228 SE2d 717).

Because the defense strategy was that of attacking the state's identification evidence and then presenting an alibi defense, there was no evidence mitigating the criminal intent element of burglary ("intent to commit a felony or theft therein") to that of criminal trespass ("for an unlawful purpose"). Code Ann. § 26-1601 (Ga. L. 1968, pp. 1249, 1287; 1977, p. 895; 1978, p. 236; 1980, p. 770); Code Ann. § 26-1503 (b) (1) (Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859; 1979, p. 764). The state's evidence showed that the person discovered in the building had no authority to be there, the lock on the rear door had been forced, desk drawers had been opened and the person took flight upon being discovered. This evidence established (or at least authorized the finding of) criminal intent for burglary. Thus, even if there had been some evidence authorizing a finding of criminal trespass, the lesser offense merged with the greater offense when the state established the intent to steal. *Varnes v. State,* 159 Ga. App. 452, 453 (2)(a) (283 SE2d 673); *Deese v. State,* 137 Ga. App. 476, supra.

2. Defendant next challenges part of the court's charge on specific intent. After giving a pattern instruction on specific intent, the court added, "That the Defendant did not accomplish his apparent purpose, would not prevent a finding of his guilt of the offense of burglary." While this certainly looks bad in isolation, we must look to the charge to the jury as a whole when considering fragments. See *Thurmond v. State,* 161 Ga. App. 602, 605 (2) (288 SE2d 780); *Ousley v. State,* 158 Ga. App. 186 (2) (279 SE2d 490). In its proper context, it can be seen that the sentence was meant (albeit awkwardly) to instruct the jury that no other crime need have been completed inside the building, only intended. We find that this awkward sentence, including the questionable use of the word "apparent," could not have so tainted the otherwise correct charge as to confuse the jury. See *Leonard v. State,* 146 Ga. App. 439, 443-444 (5) (246 SE2d 450); *Veasley v. State,* 142 Ga. App. 863, 864 (3) (b), 865-867 (6) (237 SE2d 464). See also *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512).

3. Along with this contention, defendant asserts that the trial

court committed reversible error, by creating a mandatory rather than permissive presumption, in the following portion of the charge: "I charge you that every person is *presumed* [to be] of sound mind and discretion, but that this *presumption* may be rebutted. I charge you that you may *infer* that the acts of a person of sound mind and discretion are the product of his will. And, you may *infer* that a person of sound mind and discretion intends the natural and probable consequences of his act. Now, whether or not you make any such *inference* is a matter solely within the discretion of you, the jury." (Emphasis supplied.)

This charge paraphrases the charge approved of in *Jackson v. State,* 157 Ga. App. 580 (2) (278 SE2d 152): " 'The acts of a person of sound mind and discretion are *presumed* to be the product of a person's will, but the *presumption* may be rebutted' and '[a] person of sound mind and discretion is *presumed* to intend the natural and probable consequences of his act, but the *presumption* may be rebutted.' " (Emphasis supplied.) See *Huffman v. State,* 153 Ga. App. 203, supra. See also *Jones v. State,* 159 Ga. App. 845, 849 (6) (285 SE2d 584) and cits; *Thaw v. State,* 160 Ga. App. 312, 313 (2) (287 SE2d 243).

We find the differences between these two charges to be insignificant semantics. Neither charge offends Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39).

4. Defendant's final contention is that the court erred in its charge regarding alibi. The charge given paraphrased the charge approved in *Patterson v. State,* 233 Ga. 724, 730 n.2 (7) (213 SE2d 612). Defendant, however, claims that the following error in this portion of the charge is cause for reversal: ". . . if . . . the jury should entertain a reasonable doubt as to the defense — as to the guilt of the accused, then they should acquit." We decline to assign reversible error to this slip of the tongue, which was immediately corrected, particularly when as here the remainder of the charge so clearly stated the correct principles that any rational juror would have noted it as merely a mistake even absent a correction. See *Sirmans v. State,* 158 Ga. App. 75 (1) (276 SE2d 58); *Galloway v. State,* 157 Ga. App. 85, 86 (3) (276 SE2d 135); *Baker v. State,* 137 Ga. App. 33, 35 (4) (222 SE2d 865); see also *Siegel v. State,* 206 Ga. 252, supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 29, 1982 —
REHEARING DENIED NOVEMBER 17, 1982 —

*E. Neil Wester III,* for appellant.
*Stephen A. Williams, District Attorney, Elida B. Steele,*

*Assistant District Attorney,* for appellee.