## 66417. WILSON v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for burglary. *Held:*

1. There is no merit in the first enumeration. "It was error for the trial court to deny counsel the opportunity to read to the jury a holding of the Supreme Court as he was authorized to do in a criminal case. [Cit.] However, no harm has been shown as counsel failed to perfect the record by showing which holding or case he desired to bring to the jury's attention." *Marshall v. State,* 143 Ga. App. 731 (6), 733 (240 SE2d 176).

2. Defendant claims error because the trial judge repeatedly commented on the evidence and questioned witnesses in a prosecution oriented manner. "However, since he neither objected nor made a motion for mistrial in the trial court, [he] may not raise this issue for the first time on appeal. [Cit.]" *Waters v. State,* 237 Ga. 64 (3), 65 (226 SE2d 596).

3. The state introduced evidence of defendant's participation in a burglary of a dwelling house three to four months before the burglary alleged. Error is enumerated on the ground that the prior burglary had no relation or similarity to the burglary being tried.

The testimony of two accomplices to the prior burglary was that defendant knew the location of the house, dialed the number of the house and receiving no answer, let the telephone keep on ringing while he drove them to the house where they heard the telephone still ringing. Defendant explained to the accomplices exactly where to go in the unlocked house to locate the silverware. The accomplices then entered the house, removed what appeared to them to be silver (but turned out to be stainless steel) from the place defendant had described to them, and took it to defendant who was waiting for them in his vehicle.

In the case being tried the evidence was that defendant had been in the house two days previously at a party. At mid-morning on the day of the burglary, he drove to the house and knocked for sometime on the front door, apparently to ascertain if anyone was at home. Receiving no answer he returned to his vehicle observed by an occupant of the house who had been awakened by his knocking. A short time later the occupant discovered defendant in the kitchen in front of the silver chest with a handful of silver, defendant having entered through the back or kitchen door without breaking in.

At trial, defendant's identification as the perpetrator was the principal issue. We find that defendant's participation in the prior burglary was sufficiently similar to his participation in the burglary being tried to authorize its admission for the purpose of establishing his identity as well as his motive, plan, scheme, bent of mind and course of conduct. *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321).

4. The fourth enumeration has no merit. The defense has no right to examine a statement used by a prosecution witness to refresh his memory. *Mason v. State,* 159 Ga. App. 755 (1) (285 SE2d 91); *Reece v. State,* 160 Ga. App. 59 (1) (286 SE2d 41); *Williams v. State,* 250 Ga. 664 (1) (300 SE2d 685).

5. Enumerated as error is the trial court's refusal to charge on the lesser offense of criminal trespass.

As indicated in the foregoing division, an occupant of the house encountered defendant in the kitchen with his hand full of silverware in front of the silver chest. Whereupon defendant said: "Let me tell you something . . . This silver is worth a lot of money . . . I'm a friend of your sister's and I was at the party the other night . . . I know how to get this silver cleaned." Defendant then put the silver down, walked out of the house and drove away. There was also evidence that defendant had participated in the theft of what was believed to be

silver under similar circumstances a few months earlier. Defendant denied being present in the house, claiming that the occupant of the house was mistaken as to his identity, and presented alibi evidence.

We find that the trial court did not err in refusing the requested charge on criminal trespass.

"Defendant steadfastly maintained at trial that he had neither entered nor had even been near the building where the burglary took place. Having denied being there, he was not entitled to a charge to the effect that if the jury disbelieved him they could still come back with a verdict of guilty on the lesser offense, differing only from burglary in criminal intent. [Cits.]

"Because the defense strategy was that of attacking the state's identification evidence and then presenting an alibi defense, there was no evidence mitigating the criminal intent element of burglary ('intent to commit a felony or theft therein') to that of criminal trespass ('for an unlawful purpose'). [Cits.]" *Johnson v. State,* 164 Ga. App. 429 (1), 430 (296 SE2d 775).

The evidence showed that when defendant was discovered in the house he had no authority to be there, he was in possession of some of the silver, and after giving a spurious reason for his presence, he divested himself of the silver and fled the premises. "This evidence established (or at least authorized the finding of) criminal intent for burglary. Thus, even if there had been some evidence authorizing a finding of criminal trespass, the lesser offense merged with the greater offense when the state established the intent to steal. [Cits.]" Id.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED OCTOBER 4, 1983 — 

*John A. Nuckolls, Donald F. Samuel,* for appellant.
*Robert E. Wilson, District Attorney, James M. McDaniel, Susan Brooks, Assistant District Attorneys,* for appellee.