## 66780. WYLEY v. THE STATE.

DEEN, Presiding Judge.

The appellant, Juan Wyley, was convicted of 2 counts of burglary and 1 count of possession of tools for the commission of a crime. He was sentenced to 20 years imprisonment on each burglary count, to be served consecutively, and to 5 years imprisonment on the possession of tools count.

At approximately 1:30 a.m. on December 15, 1981, a security guard for the Century Center office park approached an automobile that was parked in front of the 2200 building. A woman inside the vehicle informed the guard that she was waiting on someone in the building, and the guard then entered the building to investigate. Upon noticing that one elevator was in operation, the guard con-

tacted the police, and 2 officers arrived within a few minutes.

Officer Woods and the security guard proceeded upstairs one floor at a time, while Officer Greenwell remained in the lobby. Officer Woods and the guard discovered that 11 offices had been entered, including suites 202 and 825; doors entering the latter 2 suites had been pried open, leaving marks on the doors and doorsills. An office desk in Suite 202 had been rifled, and what appeared to be a cash box was left opened on top of the desk. The guard also noted cigarette butts on the floor, which was unusual since the janitorial service always finished cleaning the building by 10:00 p.m. After checking out all 10 floors, Officer Woods and the guard walked down the 2 stairwells.

Some time after the guard and Officer Woods went upstairs, a person identified as the appellant by Officer Greenwell exited one stairwell. He was dressed in clothing such as that worn by the appellant at the time of his arrest, but he also wore gloves and carried a briefcase. Officer Greenwell allowed him to leave, accepting his explanation that he was a Xerox computer operator just getting off from work. When Officer Woods and the guard returned shortly thereafter and reported their findings, Officer Greenwell cruised the vicinity in search of the alleged Xerox computer operator. He spotted the appellant at a nearby Waffle House, attempting to hide behind a car, and arrested him.

While Officer Greenwell searched the vicinity, Officer Woods responded to a call regarding a suspicious person at the Sheraton Inn Hotel, approximately 200 yards from the 2200 building in the Century Center complex. A person identified as the appellant by the hotel security guard had entered the hotel carrying a briefcase. Upon following the appellant into a rest room in part of the hotel which was closed to the public, he found the appellant standing beside the opened briefcase in which he noticed flashlights, a hammer, and some money. The guard informed the appellant that he would have to use another rest room, which he did, and then the appellant left the premises. The guard watched the appellant's departure and saw him place the briefcase beside some bushes in the parking lot area. The guard then inspected the first rest room and discovered some empty money rolls, a green plastic bag, and some checks in the trash can. One of the flashlights and the money rolls and checks were subsequently identified as the property of the occupants of suites 202 and 825. The office manager of suite 825 also indicated that approximately $154 office cash had been taken. (The appellant had $118 when he was arrested by Officer Greenwell.) Officer Woods recovered the briefcase from another police officer who also had responded to the call.

The appellant testified that on December 14, 1981, an acquaintance named Joe came to his house to watch Monday night football. At halftime, the appellant acceded to his wife's request that he take her to get some cashews, and all three drove to a grocery store. Joe suggested that they then go to the Century Center complex so that he could talk to the manager of the janitorial service on behalf of the appellant, who was interested in part time employment. The appellant stated that Joe had gone inside the 2200 building while he waited outside and the appellant's wife remained in the car. He waited approximately 15 minutes and then walked to the Waffle House to get his wife some coffee. As he was leaving the Waffle House, he was arrested. The appellant denied ever possessing the briefcase or entering the 2200 building or the hotel. The appellant also denied any prior felony convictions despite the state's presentation of certified copies of records of 3 felony convictions of a Juan Wyley in Cuyahoga County, Ohio.

On appeal, the appellant contends that the trial court erred in not granting a mistrial or rebuking the prosecutor in the jury's presence for the prosecutor's reference to a comment about the appellant allegedly made by the defense counsel; that the trial court should have instructed the jury on criminal trespass as a lesser included offense of burglary; that the trial court erred in admitting the Ohio records of felony convictions of Juan Wyley; and that the evidence was insufficient to support the convictions. *Held:*

1. The appellant contends that the trial court erred in failing to declare a mistrial or rebuke the prosecutor following an alleged prejudicial remark by the prosecutor during closing argument. The trial court did instruct the jury to disregard the remark.

OCGA § 17-8-75 (Code Ann. § 81-1009) provides that "[w]here counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender." The trial court's denial of a motion for mistrial is not an abuse of discretion where the trial court immediately rebukes the counsel and instructs the jury to ignore the improper comments. *Johnson v. State,* 142 Ga. App. 526 (236 SE2d 493) (1977). A thorough instruction by the trial court to the jury can amount to a rebuke of counsel. *Spell v. State,* 225 Ga. 705 (171 SE2d 285) (1969); *London v. State,* 142 Ga. App. 426 (236 SE2d 158) (1977).

In this case, however, the closing argument was not transcribed

by the court reporter. Further, while the state acknowledges in its brief that the prosecutor did remark during closing argument that defense counsel had joked that there was only one Wyley, the record contains no stipulation or reconstruction by the parties as to what the exact statement was and the extent of the trial court's corrective instruction to the jury. This court thus has an insufficient record before it regarding this enumeration upon which to rule. See *Lyle v. State,* 131 Ga. App. 8 (205 SE2d 126) (1974); *Montgomery v. State,* 140 Ga. App. 286 (231 SE2d 108) (1976).

2. Criminal trespass is a lesser included offense of burglary, and a trial court's refusal to instruct the jury on such may be reversible error when the evidence warrants the charge. *Johnson v. State,* 164 Ga. App. 429 (296 SE2d 775) (1982); *Williamson v. State,* 134 Ga. App. 583 (215 SE2d 518) (1975). However, "[i]t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime." *Quick v. State,* 139 Ga. App. 440, 443 (228 SE2d 592) (1976).

The evidence in this case did not warrant the requested charge on criminal trespass. Articles were taken from suites 202 and 825 after those offices were forcibly entered, and there was no evidence of any intent other than theft. Further, the appellant denied ever having entered the building where the burglary occurred. Under these circumstances, the evidence raised only 2 reasonable possibilities, i.e., either the appellant committed the burglary or he did not. The appellant thus was not entitled to a charge to the effect that if the jury disbelieved him it could still return a verdict of guilty on the lesser offense of criminal trespass, differing from burglary only in criminal intent. *Johnson v. State,* 164 Ga. App. 429, supra; *Barnes v. State,* 164 Ga. App. 631 (298 SE2d 311) (1982); *Tuggle v. State,* 149 Ga. App. 844 (256 SE2d 104) (1979).

3. The trial court properly admitted into evidence the records of 3 prior felony convictions of Juan Wyley from Cuyahoga County, Ohio, certified by the clerk of that court in accordance with OCGA § 24-7-24 (b) (Code Ann. § 38-627), over the appellant's objection that the documents did not identify the appellant as the felon. The appellant, however, admitted that he had lived in Ohio at the time of the convictions. That fact, combined with his unusual name, formed a sufficient basis for the jury to find that the appellant actually was a convicted felon, for impeachment purposes.

4. The appellant also contends that the evidence was insufficient to support the convictions. In this case, however, there was sufficient evidence that the appellant was in possession of the stolen goods (as well as the tools), and such recent, unexplained

possession of stolen goods alone creates an inference sufficient to convict on the burglary counts. *Morris v. State,* 166 Ga. App. 137 (303 SE2d 492) (1983); *Jackson v. State,* 159 Ga. App. 287 (283 SE2d 353) (1981). Reviewing all the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the appellant was guilty of both the burglaries and possession of tools for the commission of a crime. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Appleby v. State,* 247 Ga. 587 (278 SE2d 366) (1981).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 29, 1983.

*Lois R. Goodman,* for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Michael M. Sheffield, Assistant District Attorneys,* for appellee.