67208. RICARDO-REYES et al. v. THE STATE.

Shulman, Presiding Judge.

Appellants were convicted of two counts of armed robbery. In their appeal, they cite as error the denial of their motion to suppress identification testimony and they question the sufficiency of the evidence.

1. The victims of the armed robberies testified that they walked by three men who were standing outside the brightly lit Midtown Gym one evening. Shortly thereafter, they heard the sound of running footsteps and turned to see the three men approaching them. The two victims were thwarted in their attempt to reach safety when the three men overtook them, pointed guns at them, and demanded money. The armed robberies were completed in three to five minutes and took place under a street light. After obtaining approximately

$25, a wallet, and some groceries, the three assailants fled and the victims summoned the police, to whom they gave descriptions of their assailants. The descriptions were immediately broadcast over the police radio and, within minutes, another police officer arrived with two men he had stopped after hearing the descriptions of the armed robbers. The two suspects, appellants, remained in the patrol car while each victim positively identified them as two of the three perpetrators. Appellants maintain that the showup was unnecessarily suggestive and resulted in an unreliable identification which should be suppressed. We disagree.

"Although the practice of showing suspects singly to a witness for the purpose of identification rather than utilizing a lineup has been widely condemned, whether a violation of due process of law [occurs] in the conduct of the confrontation depends upon the totality of the circumstances. [Cit.] Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) set forth a two-part test to determine whether the procedure followed violated due process. 'The first inquiry is whether the (procedure used) was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification.' [Cit.] The fact that a one-on-one showup occurred will not result in a per se exclusion of subsequent in-court identification. [Cit.]" Tate v. State, 153 Ga. App. 508 (265 SE2d 818). Thus, even if we were to assume that the showup was unduly suggestive, the identification need only be suppressed if there was a substantial likelihood of misidentification. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U. S. 188, 189 (93 SC 375, 34 LE2d 401). Taking these factors into consideration, we conclude that the trial court did not err in denying the motion to suppress the identification testimony.

2. After a review of the record, we find that a rational trier of fact could have found appellants guilty beyond a reasonable doubt of the armed robberies with which they were charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Arnold v. State, 155 Ga. App. 782 (2) (272 SE2d 751).

Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.

DECIDED JANUARY 31, 1984.

*S. George Handelsman,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey W. Moskowitz, H. Allen Moye, Assistant District Attorneys,* for appellee.