67689. SMITH v. THE STATE.

DEEN, Presiding Judge.

The appellant, Charles T. Smith, was convicted of armed robbery, for which he received a sentence of 15 years' imprisonment

followed by 5 years' probation. On appeal, the only enumerations of error concern the admissibility of evidence of a pre-trial photo identification and the in-court identification.

Around midnight on December 17, 1982, Dr. Hillary Harper, a criminal justice professor at Marshall State University in West Virginia, en route to Florida on vacation with a female traveling companion, Mandy Woodhouse, and a family dog, checked in at a motel in Macon. On the way to his room, he noticed 2 men standing by the telephone booth, and as he unlocked the door to his room the 2 men walked past him. He opened the door, went inside, turned on the lights, and before he could put down his luggage he noticed a blonde man, one of the 2 men who had been standing at the telephone, in the doorway pointing a pistol at him. Dr. Harper complied with the assailant's demand for his wallet, and the assailant departed.

As reflected in the notes of the investigating officer, shortly after the incident Dr. Harper described the robber as a white male, approximately 5 feet 10 inches in height, approximately 160 pounds, between 19 and 25 years old, straight blonde hair just over the ears, dressed in blue jeans and a khaki hip-length jacket. The investigating officer could not remember whether Dr. Harper had indicated that the robber had some slight growth of facial hair.

On January 2, 1983, returning from Florida, Dr. Harper stopped at the Law Enforcement Center in Macon to view a photographic lineup. He was informed beforehand that a suspect was in custody. The lineup consisted of 4 photos of individuals who generally fit the description provided by Dr. Harper; three of the individuals wore what appeared to be street clothing, while the appellant wore a blue jump suit (worn by inmates at the Bibb County detention facility). Dr. Harper selected the appellant's photo, indicating that he was positive of the identification although the robber's hair had been slightly longer and lighter and that the robber had some slight growth of facial hair. After this positive identification, the officer who conducted the photo lineup had a Polaroid shot taken of the appellant, who was again dressed in a blue jump suit; upon viewing this photo, Dr. Harper immediately confirmed that identification. There was no evidence that Dr. Harper, being from West Virginia, was aware of the fact that inmates in the Macon facility wore blue jump suits.

On January 13, 1983, Dr. Harper wrote a letter, setting out several fine details in describing the appellant/robber which did not appear in the notes of the investigating officer. Dr. Harper also identified the appellant in court as the assailant, testifying that he remembered the robber clearly and that the in-court identification was independent of any earlier photographic identification. *Held:*

"In deciding whether a pre-trial identification procedure was so suggestive as to require exclusion of an in-court identification, it must be determined whether the procedure resulted in a very substantial likelihood of irreparable misidentification, and whether under all the circumstances the identification was reliable notwithstanding any suggestive procedure. Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968); Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Thornton v. State,* 238 Ga. 160 (231 SE2d 729) (1977). The factors considered in determining the extent of any likelihood of misidentification 'include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation . . .' Neil v. Biggers, supra at 199." *Cleveland v. State,* 164 Ga. App. 478, 480 (298 SE2d 22) (1982). See also *Harper v. State,* 251 Ga. 183 (304 SE2d 693) (1983).

Applying the above factors to this case, we do not find the pre-trial identification procedure to have been so impermissibly suggestive as to result in a substantial likelihood of irreparable misidentification. Although the robbery lasted only a very brief time, the lighting was adequate and the victim's attention was concentrated on the assailant; the prior description of the appellant was accurate, and the victim identified the appellant from the photographic array without doubt. We are unable to see how the subsequent viewing of the Polaroid shot of the appellant possibly tainted the preceding, positive identification.

The appellant primarily emphasizes that the police had informed the victim prior to the photo lineup that they had a suspect in custody, and that in the photo he was the only one wearing the prison garb. It was not, however, apparent that the victim was even aware that the blue jump suit was standard prison garb at the facility. These circumstances did not render the photo lineup impermissibly suggestive. See *Jones v. State,* 251 Ga. 361 (306 SE2d 265) (1983); *Harper v. State,* supra. It may be that the victim's ability to describe the appellant seemed to improve with the increased exposure to him, but that does not taint the positive identification unhesitatingly made by the victim upon viewing the photographic array. Accordingly, the trial court did not err in admitting evidence of the pre-trial identification and allowing the in-court identification.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Walter J. Lane, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Charles H. Weston, G. F. Peterman III, Assistant District Attorneys,* for appellee.