### 69047. BURKS v. THE STATE.
(329 SE2d 590)

POPE, Judge.

Appellant, Kevin Darus Burks, was convicted of armed robbery in Clayton Superior Court and sentenced to 18 years in prison. It is from this conviction and sentence that he now appeals.

The evidence presented at trial authorized the jury to find that on April 14, 1982, at approximately 8:00 p.m., in Clayton County, Georgia, a lone black man in his early twenties, wearing blue jeans, a jacket, hat, and sunglasses or a sun visor, entered a Del Taco restaurant on Riverdale Road, ordered food and, upon being served, sat down to eat. Shortly thereafter, he approached the clerk, brandished a revolver and demanded money. He took the paper money from the cash register, placed it in a bag furnished by an employee, and fled. A photograph of appellant as a possible suspect was furnished to Clayton County authorities, and when a pictorial lineup including appellant's picture was shown to the victims, appellant's picture was identified. He was tried and convicted of the offense.

1. Appellant contends that the pictorial lineup was impermissibly suggestive and should have been suppressed. For review purposes, the analysis of an identification process to determine if it was "impermissibly suggestive" is controlled by *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), which requires a "totality of circumstances" review focusing on certain factors which might lead to a "likelihood of misidentification": (1) the opportunity of the witness to view the perpetrator; (2) the witness' degree of attention; (3) the accuracy of prior description; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the identification. See *Smith v. State*, 169 Ga. App. 686 (314 SE2d 703) (1984).

A careful reading of the transcript shows that at the time of the armed robbery, the restaurant was well lighted, that the robber spent at least five minutes at the counter talking to the clerk, and that he spent over 20 minutes in the restaurant. During the identification procedure, the witness was given at least three different sets of photographs, each containing six pictures. On May 5, 1982, approximately

three weeks after the robbery, an employee identified the appellant without hesitation or equivocation, and with no prompting or impermissible conduct by the officer during the pictorial display. Therefore, we hold that the requirements of *Neil v. Biggers*, supra, were met and the identification process was proper. Accordingly, appellant's enumeration of error regarding identification is without merit.

2. Appellant contends that his character was impermissibly placed in evidence by the admission of evidence of a subsequent armed robbery to which he pled guilty. This is an area in which this court is continually called upon to give guidance because of the possible prejudicial effect admission of other crimes might have on a trial. Hence, the appellate courts have set out rather clear rules governing such matters. " '(B)efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the [accused] was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. (Cits.)' [Cit.]" *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980). As the court noted in *Johnson*, "These cases necessarily turn on their facts and are in the last analysis, judgment calls." Id. at 656.

The independent crime introduced into evidence concerned the armed robbery of another fast food restaurant, a Krystal some three miles from the Del Taco which Burks was on trial for robbing. The Krystal robbery took place on April 21, 1982, just one week after the Del Taco robbery. Burks admitted that he had committed the Krystal robbery with an accomplice and had pled guilty to it. In the Krystal robbery, a Krystal employee testified that she had observed Burks in the restaurant with another man some time before the robbery. She had served some policemen, and fifteen to twenty minutes after the police had left, when the restaurant had no customers, Burks and his accomplice returned to the restaurant, and robbed it at gunpoint.

In this case the principal issue was the identity of the perpetrator. This was also the issue in the case of *Wilson v. State*, 168 Ga. App. 269 (3) (308 SE2d 572) (1983). There, the evidence was that Wilson had attended a party in the house he was accused of burglarizing just two days before the burglary. At mid-morning, he knocked on the door. Receiving no answer, he returned to his vehicle, observed by the occupant of the house. A short while later, Wilson was discovered by the occupant in the kitchen with a handful of silver. The court in *Wilson* found no error in admitting testimony about Wilson's partici-

pation in a burglary some three or four months before the burglary on trial. In the earlier burglary, Wilson knew the location of the house, dialed the telephone number, got no answer, left the phone ringing, and drove to the house with *two accomplices* where they heard the phone still ringing. Wilson explained to his cohorts where to find the silver; they entered, took it and brought it to Wilson.

In the case at bar, the two crimes took place within seven days of one another, were in the same general area, (albeit in two different counties) and were both armed robberies of fast food establishments at night when each had no customers, and where police had departed shortly before the robbery. It is our opinion that the two crimes were sufficiently similar to be admissible under the test in *Johnson*, supra, to show identity, motive, plan, scheme, bent of mind, and course of conduct. The trial court did not err in admitting evidence of the independent crime.

In addition, Burks claimed he had an alibi in the present case. On rebuttal, the State called a witness who testified that on the preliminary hearing concerning the Krystal robbery, to which Burks later pled guilty, Burks had stated to her that he wanted a jury, that he was not guilty and had an alibi to show he was not there. While he told her this, he pointed to names in a black address book. The trial court did not err in allowing the rebuttal testimony by the witness concerning Burks' assertions of alibi on the preliminary hearing for the independent crime. Burks later pled guilty to the crime for which he said he had an alibi. Such testimony was admissible to impeach the claim of alibi in the case at bar and as further evidence to show a common scheme or bent of mind. *Smith v. State*, 142 Ga. App. 1 (2) (234 SE2d 816) (1977).

3. Appellant next assigns error to the admission of testimony of the investigating officer about the statements made to him in the course of his investigation. The testimony was admitted on the basis of OCGA § 24-3-2 to explain the conduct of the officer in conducting his investigation, and the court gave proper cautionary instructions. The testimony was, in effect, what the eyewitnesses related to him concerning the description and identity of the robber. The eyewitnesses later testified to essentially the same matters. Burks' attorney cross-examined the officer on the same matters. The testimony did not name Burks as the robber, but merely explained how the officer was led to Burks as a suspect. The testimony was merely cumulative of the eyewitnesses' testimony, and we find it more than highly probable that the testimony did not contribute to the verdict. See *Teague v. State*, 252 Ga. 534 (2) (314 SE2d 910) (1984).

4. There is no merit to the contention that the trial court erred in admitting a picture of appellant into evidence, which appellant admitted was of him, but which he said showed too much hair on his

upper lip. See *Johnston v. State*, 232 Ga. 268 (1) (206 SE2d 468) (1974).

*Judgment affirmed. Deen, P. J., Birdsong, P. J., Carley, Sognier, and Beasley, JJ., concur. Banke, C. J., McMurray, P. J., and Benham, J., dissent.*

BENHAM, Judge, dissenting.

I must respectfuly dissent from Division 2 of the majority opinion and the concomitant affirmance of appellant's conviction. While I agree with the majority's statement of the law concerning the admission of evidence of similar crimes (see *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980)), I do not agree with the application of that law to the facts of the case at bar.

To fully discuss this issue, a more in-depth discussion of the facts is necessary. During the trial concerning the Del Taco robbery, the state introduced testimony and documentary evidence of an armed robbery at a Krystal restaurant in Fulton County, to which offense defendant had pled guilty. The Del Taco robbery took place on April 14, 1982, in Clayton County; the Krystal robbery took place on April 21, 1982, in Fulton County, some three miles away. The Del Taco robbery took place at 8:00 p.m. and involved one gunman, while the Krystal robbery took place at 4:00 a.m. and involved two gunmen. At Del Taco, only paper money was taken from the cash register, and no customers or employees were harmed. At the Krystal robbery, the gunmen entered the business without ordering any food, and one gunman grabbed an employee and ushered her into the office, where he forced her to open the safe while another gunman herded the other employees into a back room. One of the robbers boldly put on a uniform and waited on customers, pocketing that money also. Both paper money and coins were taken from the safe and cash register and food was taken from the kitchen area. The robbers remained on the premises for 45 minutes to an hour, and before leaving they led the employees outside to a Dempsey Dumpster and ordered them to remain there while they made their escape.

Where, as here, the dissimilarities are legion and the similarities and connections are few, the court should balance the purpose of the rule disfavoring admissibility against the exceptions to the rule; and where the exceptions are not clearly overriding, the general rule as to inadmissibility should prevail, a situation I find to exist in the present case. Even though the trial judge gave limiting instructions in this instance, it is unlikely that the prejudice could have been overcome. Therefore, I cannot say that the error was harmless (*Moody v. State*, 237 Ga. 775 (229 SE2d 619) (1976)), and I must respectfully dissent.

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 29, 1985.

*Harry A. Osborne*, for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney*, for appellee.