## 70800. WRIGHT v. THE STATE.
(334 SE2d 919)

CARLEY, Judge.

Appellant appeals his conviction for armed robbery, enumerating as error the denial of his motion to suppress any evidence of his show-up identification and any in-court identification of him by the victim.

The evidence showed that the victim, Mr. John Dickinson, was in his office at a Crown Service Station on September 1, 1984. At 9:00 a.m., someone knocked on the office door and Dickinson looked through the peephole to see a man dressed in a white shirt, dark tie, blue sports jacket, tan trousers, and sunglasses. When Dickinson opened the door, the man said he had come from the district sales manager. Dickinson shook hands, invited the man to sit down and returned to his desk. Turning around, Dickinson found that a handgun was pointed at his face. The man ordered Dickinson to put the service station receipts in a satchel. Dickinson did so, implementing his training not to resist in the event of a robbery, but to get a good look at the perpetrator for later identification. The man instructed Dickinson to get under his desk and stay there for five minutes, then ripped the telephone from the wall, and departed. After waiting five minutes, Dickinson reported the robbery, describing the man as a white male, 35 years of age, five feet eleven inches tall, with sandy brown hair and neatly dressed in the aforementioned clothing.

Several days later, a photographic display of eight individuals was exhibited to Dickinson by the police. Acting on inculpatory information received from another source, the police included appellant's photo in the display. Dickinson identified appellant as the robber. Warrants were obtained, appellant was arrested, and his apartment was searched. Articles of clothing, a handgun, bag, and sunglasses matching Dickinson's description of items connected with the robber were seized. During the search, the officers were notified that appellant had suffered an apparent heart attack and was being taken to the hospital. Dickinson was contacted and asked to meet the police at the hospital. Upon Dickinson's arrival, he was shown the seized articles and, when appellant arrived, Dickinson identified him as the robber. Dickinson also identified appellant at trial as the man who had robbed him.

" 'Although the practice of showing suspects singly to a witness for the purpose of identification rather than utilizing a lineup has been widely condemned, whether a violation of due process of law [occurs] in the conduct of the confrontation depends upon the totality of the circumstances. . . . The fact that a one-on-one showup occurred will not result in a per se exclusion of subsequent in-court identification. [Cit.]' [Cit.]. . . . [E]ven if we were to assume that [a] showup was unduly suggestive, the identification need only be sup-

pressed if there was a substantial likelihood of misidentification." *Ricardo-Reyes v. State*, 169 Ga. App. 633, 634 (314 SE2d 260) (1984). In the instant case, the one-on-one showup at the hospital occurred only *after* Mr. Dickinson had unhesitatingly and unequivocally identified appellant as the perpetrator by selecting his photograph from eight that were displayed to him. Considering this and the other factors which comprise the "totality of the circumstances" in the instant case, it is clear that the showup did not present occasion for a substantial likelihood of misidentification. See *Silvers v. State*, 151 Ga. App. 216, 217 (1) (259 SE2d 203) (1979). "We are unable to see how the subsequent [showup] of the appellant possibly tainted the preceding, positive identification." *Smith v. State*, 169 Ga. App. 686, 688 (314 SE2d 703) (1984). "Further, as the in-court identification was shown to be independent of the confrontation at the hospital, it was not error to allow testimony relating to the identification of appellant by [the victim]. [Cits.]" *Holmes v. State*, 170 Ga. App. 92, 93 (316 SE2d 491) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 13, 1985 —

*Michael C. Clark*, for appellant.

*Thomas C. Lawler III, District Attorney, Thomas A. Devlin, Jr., Assistant District Attorney*, for appellee.