27161. HICKS et al. v. SIMPSON.

ARGUED MAY 9, 1972—DECIDED JUNE 15, 1972.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., John Tye Ferguson,* for appellants.

*William G. Grant,* for appellee.

GRICE, Presiding Justice. This appeal arose out of a land registration proceeding which was referred to an examiner and later tried before a jury in the Superior Court of Fulton County.

The complaint as originally filed sought to register in the name of Mrs. C. A. Simpson title to six parcels of land. However, the litigation was confined to four of these parcels, hereinafter referred to as "the Johnson property," the "Stewart property" and "the Johnson option."

Objections and defensive pleadings were filed by Barbara Louise Hayes Barbee, Mrs. Simpson's daughter; Kenneth E. Barbee; Sam E. Hicks; Howard C. Turner; and Frank A. Bowers, Sr. Claims were filed only as to the Johnson property, the Stewart property and the Johnson option, contending that Barbara Louise Hayes Barbee was the "B. L.

Hayes" named in the deeds in the chain of title to this property. The defendant Barbee claimed in her own right while the claims of the other defendants were derived through deeds from her to them.

The basis for the registration was set forth in the complaint wherein Mrs. Simpson claimed "title by prescription under deed to applicant set out herein and under the deeds to her predecessors in title. Applicant claims title by virtue of purchasing caption property and option in the name of B. L. Hayes, Marie L. Turner and M. L. Turner, all of which are fictitious and do not represent any known person other than applicant, said names having been made up by her to be used solely for the purpose of acquiring and owning property, and not being any other person applicant knew of at the time of said purchases and option and not being purchased for the benefit of any person by said names other than herself."

Upon referral of the pleadings to an examiner, his final report was filed on September 17, 1969. In response to it the defendants filed a motion for a decree denying registration of the land involved, or in the alternative, to recommit the report to the examiner. Upon a hearing the trial court entered an order on December 8, 1969, overruling the motion for a decree in favor of the defendants "for the present time," and recommitted the report to the examiner.

An amended final report of the examiner was filed on March 12, 1970, to which the defendants filed exceptions of law and fact.

Thereafter, upon a trial before a jury, a verdict was returned in favor of all the findings of law and fact excepted to; and on October 7, 1971, an order was entered decreeing fee simple title to the disputed parcels to be in Mrs. Simpson.

From this order and decree the defendants have appealed, enumerating error upon both the final decree and the interlocutory order of the trial court overruling their motion for a decree denying registration.

In their brief the appellants have set out three issues

based upon their enumerations of error, which will be followed herein.

1. The first question presented is: "In a land registration proceeding, when an applicant claims title to land on the basis that the name of the grantee was an alias of hers *and the examiner makes no finding on this point,* on motion of an opposing party should a decree be entered denying registration?" (Emphasis supplied.)

There is clearly no merit in the contention presented by this question. An inspection of the examiner's report shows that he did make a finding on this point as to each of the parcels of land involved in the appeal.

With respect to the Johnson property the examiner found as a fact as follows:

"In purchasing the one-half interest in the lands described in the application as Parcels I and II and in accepting the warranty deed executed by John S. Johnson, it was Mrs. Simpson's intention and purpose to take title in her own right. *Mrs. Simpson intended the name 'B. L. Hayes' to mean herself, and she used the name 'B. L. Hayes' as an alias and not as the name of any other person."* (Emphasis supplied.)

The examiner made the following finding of fact as to the Stewart property:

"In purchasing the one-half interest in the land and in accepting the warranty deed executed by Mrs. Eileen L. Stewart, it was Mrs. Simpson's intent and purpose to take and hold title in her own right *and she and the scrivener who prepared the deed used the name 'B. L. Hayes' as an alias, meaning Mrs. Simpson and not the name of any other person."* (Emphasis supplied.)

The examiner also found as a fact in regard to the Johnson option the following:

"In purchasing a one-half interest in the option (from John S. Johnson) in the name of 'B. L. Hayes', it was Mrs. Simpson's intent and purpose to hold in her own right a one-half interest in said option *and she used the name 'B. L. Hayes' as an alias and not as the name of any other per-*

*son. The name 'B. L. Hayes' was a fictitious name adopted and used by Mrs. Simpson in the purchase of said option. Said name did not represent any known person other than applicant."* (Emphasis supplied.)

■ (a) The "second question" involves six enumerations of error and is really a series of four questions, the first two of which will be treated together. These are stated by the appellants as follows:

"In a land registration proceeding when an applicant claims title on the basis that the name of the grantee was an alias of hers, and the evidence shows that the name of the grantee was that of the daughter of the applicant (using initials rather than a given name), and the uncontradicted and undisputed testimony of the scrivener (and grantor) of the deed is that the daughter was intended as grantee, is the verdict of judgment in favor of the applicant contrary to such evidence and improper as a matter of law?

"Where the uncontradicted testimony of the grantor and scrivener of the deed identifies the grantee in the deed as one individual, is a judgment finding a different grantee proper?"

A reading of the transcript of evidence taken at the examiner's hearing reveals that the testimony as to identity of the grantee in the deed was not "uncontradicted" or "undisputed." The evidence was in dire conflict, but was ample to sustain the findings in this respect.

Mrs. Simpson testified that at the direction of Frank A. Bowers, Jr., who was at that time her attorney, business partner and scrivener of the deeds in question, she used a number of "aliases" in purchasing property; that the name "B. L. Hayes" in the deeds was one of those aliases like several others she used in purchasing property; that her legal name had formerly been Hayes but that it did not occur to her that Bowers was using the initials of her daughter in the deeds; that she had no idea of making a gift of the property to her daughter; that when she paid the purchase money notes to Johnson she did not intend to make a gift of that money to her daughter; that it was her

intention that she would own the property; and that she had owned other property in other aliases and had had no trouble about them.

Testimony as to intent is testimony as to a fact and has probative value. *Ashbaugh v. Ashbaugh,* 222 Ga. 811, 814 (152 SE2d 888).

There was also testimony that Mrs. Simpson paid the purchase money notes including those given the vendor which matured over a period of years; and that her daughter knew nothing about the property until she was called to Atlanta from Florida by Frank A. Bowers, Jr., and taken to the courthouse by his father, Frank A. Bowers, Sr., where she was shown the recorded deeds.

Mrs. Simpson's daughter Mrs. Barbee herself testified that her mother had no love for her, hated her, and had cursed the day she was born on several occasions before other witnesses. Both her and her mother's testimony tended to show the improbability that Mrs. Simpson would have in any event knowingly permitted title to the property to be placed in the name of her daughter.

While concordance of name is some evidence of identity, it is not conclusive. *Code* § 38-304.

Identity is always a question of fact and "Title, of course, vests in persons, not names . . . [I]f the facts or circumstances shown in the case make an issue as to the identity of a person involved in the case, the issue becomes one of fact to be solved by the jury." Powell, Actions for Land 329, 330, §§ 283, 284.

From the above it is clear that the identity of the "B. L. Hayes" named in the deeds as grantee was a question of fact, and that both the examiner and the jury resolved this question in favor of Mrs. Simpson. Since there is ample evidence to support each of the findings, the trial court did not err, as contended by the appellants, in decreeing title to be in Mrs. Simpson.

(b) The next question posed is: "Where the only testimony tending to support contentions of the applicant in a land registration suit is her own and it is so conflicting and self-

contradictory as to be unworthy of belief, may such testimony be disregarded?"

The credibility of a witness, whether a party or not, is "always for the determination of a jury." *Ector v. State,* 120 Ga. 543, 545 (48 SE 315).

Here, the jury expressly found, in response to a specific question propounded to them for their verdict, that "Mrs. Simpson's testimony [was] credible insofar as it pertains to the issues in the case," rather than conflicting, self-contradictory and unworthy of belief as urged by the appellants.

There is therefore no error as to this issue.

(c) In the final question in this series, the appellants ask: "Even if evidence would have shown that the applicant in the land registration proceedings had no intentions of making a gift to a named grantee, can land registration be used to vest legal title in the applicant without appropriate equitable proceedings to reform the deed?"

The appellants here contend that title to the properties involved vested in Barbara Louise Hayes Barbee by virtue of the fact that the name of the grantee in the deeds was "B. L. Hayes."

However, as pointed out in Division 2 (b) above, the examiner and the jury found that "B. L. Hayes" was a name assumed by Mrs. Simpson and that Mrs. Simpson was in fact the grantee in the deeds. Therefore, it is clear that title under the deeds vested in Mrs. Simpson and there is no necessity of reforming the deeds as contended by the appellants in order to authorize registration of the title under the Land Registration Law (Ga. L. 1917, p. 108; *Code Title 60*).

These enumerations are likewise not meritorious.

■ The final question before this court is whether the "understanding" of a grantor as to the identity of a grantee was admissible in evidence to show intent in the execution of the deed.

The ruling excepted to was the exclusion of a statement made by the appellants' witness Johnson that when Mrs. Simpson told him she was putting the title in "another

name on account of tax purposes," he "understood it was her son" or daughter.

Any "understanding" by the grantor Johnson was actually nothing more than a conclusion on his part, and as such, was wholly irrelevant and immaterial. As shown by the record, his testimony makes it clear that Mrs. Simpson merely told him she was taking title in another name for tax purposes, and from that statement alone he apparently concluded that "in another name" meant her son or daughter.

For the reasons set forth, the judgment of the trial court is

*Affirmed. All the Justices concur.*