## 57428. NIEHAUS v. THE STATE.

BANKE, Judge.

The defendant pled guilty to driving under the influence of alcohol and was sentenced to 12 months' imprisonment. On appeal, he contends that the trial court erred in considering a Georgia Department of Public Safety computer printout showing that he had suffered two previous DUI convictions over the past three years, both based on pleas of nolo contendere. He does not, however, contest the accuracy of any of the information

contained in the printout. *Held:*

1. The defendant contends that the printout was deficient in that it failed to show that the prior convictions were based on accusations supported by valid affidavits. However, he has cited us to no requirement that criminal charges in either of the two courts in which he was convicted, one a recorder's court and the other a city court, be brought by accusation or that they be supported by affidavit. Cf. *Young v. State,* 146 Ga. App. 167 (3), 169 (245 SE2d 866) (1978). Furthermore, there is no requirement at a pre-sentencing hearing that prior convictions be proven by the actual records of the convicting court. Properly authenticated administrative records have also been held admissible. See *Davis v. State,* 229 Ga. 509 (4) (192 SE2d 253) (1972); *Cowan v. State,* 130 Ga. App. 320 (2) (203 SE2d 311) (1973). Under Code Ann. § 68B-215 (e), the Department of Public Safety's traffic records, when properly certified, are "admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." There being no contention that the computer printout was not properly certified, it was admissible prima facie at the sentencing hearing.

2. It was not incumbent on the state to show that the defendant was represented by counsel at the time of the prior convictions, since in neither case was he deprived of his liberty. *Johnston v. State,* 236 Ga. 370 (3) (223 SE2d 808) (1976).

*Judgment affirmed. Birdsong and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED
APRIL 4, 1979.

*C. Michael Roach,* for appellant.
*Richard S. Gault, Solicitor,* for appellee.