63942. HILL v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction and sentence for driving after being declared a habitual violator. *Held:*

1. The defendant was served with notice that he was declared a habitual violator while he was being tried on an unrelated offense. It is contended that such service was insufficient because defendant was immune from service of process while in attendance at a trial under Code Ann. § 38-1506 and *Ausbon v. Ausbon,* 131 Ga. App. 530 (206 SE2d 546).

We do not agree. Code Ann. § 38-1506 pertains to civil process and we find that service of a notice of revocation under Code Ann. § 68B-308 (a) (Ga. L. 1975, pp. 1008, 1032 through 1980, pp. 691, 693) is not the service of a civil process.

"[Process] is generally defined to be the means of compelling the defendant in an action to appear in court . . . or a means whereby a court compels a compliance with its demands." Black's Law Dictionary, Rev. 4th Ed., 1370. "[Notice] means information, an advice, or written warning, in more or less formal shape, intended to apprise a person of some proceeding in which his interests are involved, or informing him of some fact which it is his right to know and the duty of the notifying party to communicate." Id. at 1210.

2. The trial court did not err in admitting certified copies of the computer print-out of the records of the Department of Public Safety showing defendant's driving convictions and the notice of revocation.

Defendant argues that there was no evidence that the person named in these two documents and the defendant were the same person and that their admission in evidence violated defendant's right to be confronted by the witnesses against him.

Both documents pertained to Fred Hill, Jr., 607 Lester Street, Thomasville. Other evidence established that defendant's name was Fred Hill, Jr., who resided at 607 Lester Street, Thomasville. Defendant presented no evidence contradicting that he was the person named in the documents.

"Concordance of name alone is some evidence of identity. Code § 38-304. Further 'in the absence of any denial by the defendant and no proof to the contrary' this concordance of name is sufficient to

show that the defendant and the individuals previously convicted were the same person. [Cits.]" *Hammond v. State,* 139 Ga. App. 820 (2), 822 (229 SE2d 685).

Defendant cites no specific authority to support his denial of confrontation argument. The Department of Public Safety's traffic records, when properly certified, are "admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." Code Ann. § 68B-215 (e) (Ga. L. 1975, pp. 1008, 1021 through 1980, pp. 917, 918); *Niehaus v. State,* 149 Ga. App. 575 (1) (254 SE2d 895); *Magruder v. Cofer,* 153 Ga. App. 7 (3) (264 SE2d 506).

Proof of facts by a document or a duly authenticated copy thereof is not objectionable as violative of the right of confrontation. Snyder v. Massachusetts, 291 U. S. 97 (54 SC 330, 78 LE 674); *Harrell v. State,* 241 Ga. 181 (1), 184 ( fn. 1) (243 SE2d 890); 21A AmJur2d 155, Criminal Law, § 727.

3. When asked by defense counsel in cross-examination how he knew that defendant was a habitual violator, a witness replied "Well, I have been present in the Courtroom . . ." Any further answer was stopped by defendant's motion for mistrial, which was denied. When the trial judge then offered to give a curative instruction concerning the statement, defense counsel replied that he waived the instruction.

There was no error in denial of a mistrial as the ambiguous remark did not necessarily place defendant's character in issue. In addition, "[W]here the defendant had been charged as a habitual traffic violator, . . . prompt curative instruction was sufficient. [Cits.] 'The trial court did not abuse its discretion in refusing to grant a motion for mistrial.' [Cits.]" *Hill v. State,* 159 Ga. App. 589 (1), 590 (284 SE2d 92).

4. Defendant asserts that he was improperly sentenced to serve more than one year instead of to a misdemeanor sentence because his prior convictions were imposed when he was without counsel, and cites Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) in support.

This issue has been decided adversely to defendant in *Smith v. State,* 248 Ga. 828 (3), 831 (286 SE2d 709), where, after finding that Baldasar v. Illinois, 446 U. S. 222, supra, did not apply to habitual violator cases, the court said: "[W]e hold that a person may be subjected to felony punishment as a habitual violator under Code Ann. § 68B-308(c), even though the offenses giving rise to the person's having been declared a habitual violator are subject to collateral attack on constitutional grounds."

5. The remaining allegations of error are rendered non-meritorious by the foregoing findings.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1982.

*Walter Van Heiningen,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*