64537. TODD v. THE STATE.

QUILLIAN, Chief Judge.
Defendant appeals his conviction for driving under the influence and for driving after being declared a habitual violator. *Held:*

1. In two enumerations defendant asserts that his conviction for driving after being declared a habitual violator should be reversed on constitutional grounds because he did not have counsel when he was convicted of the offenses upon which his habitual violator status was based. He relies on Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169).

This issue has been decided adversely to defendant in *Smith v.*

---

*State,* 248 Ga. 828 (3), 831 (286 SE2d 709), where, after finding that Baldasar v. Illinois did not apply to habitual violator cases, the court said: "[W]e hold that a person may be subjected to felony punishment as a habitual violator under Code Ann. § 68B-308 (c), even though the offenses giving rise to the person's having been declared a habitual violator are subject to collateral attack on constitutional grounds." Accord, *Hill v. State,* 162 Ga. App. 637 (4) (292 SE2d 512).

2. There is no merit in two enumerations in which defendant alleges error in the admission of the certified records of the Department of Public Safety showing that he had been declared a habitual violator and had been given notice thereof. Defendant argues that such evidence is hearsay and violates his right to be confronted by witnesses against him.

"The Department of Public Safety's traffic records, when properly certified, are 'admissible as evidence in any civil or criminal proceeding as proof of the contents thereof.' Code Ann. § 68B-215 (e) (Ga. L. 1975, pp. 1008, 1021 through 1980, pp. 917, 918); *Niehaus v. State,* 149 Ga. App. 575 (1) (254 SE2d 895); *Magruder v. Cofer,* 153 Ga. App. 7 (3) (264 SE2d 506).

"Proof of facts by a document or a duly authenticated copy thereof is not objectionable as violative of the right of confrontation. Snyder v. Massachusetts, 291 U. S. 97 (54 SC 330, 78 LE 674); *Harrell v. State,* 241 Ga. 181 (1), 184 (fn 1) (243 SE2d 890); 21A AmJur2d 155, Criminal Law, § 727." *Hill v. State,* 162 Ga. App. 637 (2), supra.

3. Defendant made an apparently proper and timely request for production of his pretrial statements under the provisions of Code Ann. § 27-1302 (Ga. L. 1980, p. 1388). On the scheduled trial date, after a jury was selected but not sworn, the state served a copy of a pretrial statement of defendant on the defense. Admitting that it had not complied with the statutory requirement that the statement must be presented ten days prior to trial, the state received a continuance of the trial for more than ten days. See, *Tanner v. State,* 160 Ga. App. 266 (1) (287 SE2d 268).

Defendant contends that the statement should have been excluded from evidence because it was not presented until after the jury had been selected and that if he had known the statement existed and was to be used prior to selecting the jury, he would have used a different strategy in selecting the jury. However, when the court offered to dismiss the jury and empanel another, defendant's counsel declared he was satisfied with the jury and did not want another.

Code Ann. § 27-1302, supra, requires that upon proper request a defendant be presented with a copy of his pretrial statements at least ten days prior to trial. Pretermitting whether giving the statement to

the defense after selection of a jury, which was not sworn, was prior or subsequent to trial, we find that by refusing the offer of another jury more than ten days after receiving the statement defendant clearly waived any possible objection to the admission of his statement based upon a violation of Code Ann. § 27-1302.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1982 —
REHEARING DENIED OCTOBER 8, 1982 — ▮▮▮▮▮▮▮

*James Clark,* for appellant.
*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.