## 66035. LOVE v. HARDISON.

QUILLIAN, Presiding Judge.

Appellant was declared a habitual violator and his driver's license revoked by the Department of Public Safety (DPS) under the provisions of OCGA § 40-5-58 (Code Ann. § 68B-308), based on three convictions for driving under the influence (DUI) within five years. Appellant's request for reinstatement was denied by DPS and appellant appealed to superior court for a de novo hearing. There he contended that the DUI conviction of May 7, 1979 in Blakely, Georgia was invalid because he forfeited bond, resulting in the conviction, on the erroneous advice of a police officer that there would be no adverse consequences to his driving record, and that he did this without benefit of counsel. The trial court denied the appeal and error is enumerated that the court improperly admitted a DPS computer print-out showing his driving record because the Blakely conviction was invalid and because a proper foundation for the admission of the computer print-out was not established. *Held:*

1. Appellant's attack on the validity of the Blakely conviction is collateral. Such an attack is not permissible as the conviction is not void on its face. *Cofer v. Gibson,* 148 Ga. App. 572 (252 SE2d 6). Moreover, the law on conviction for driving in violation of habitual violator status is relevant. Felony punishment may be imposed for driving after being declared a habitual violator, even if the convictions on which habitual violator is based are subject to collateral attack on constitutional grounds, such as not having counsel when convicted. *Smith v. State,* 248 Ga. 828 (3) (286 SE2d 709); *Rowland v. State,* 161 Ga. App. 525 (289 SE2d 15); *Hill v. State,* 162 Ga. App. 637 (4) (292 SE2d 512); *Todd v. State,* 163 Ga. App. 814 (1) (294 SE2d 714). Appellant should not be permitted to collaterally attack his habitual violator status when one who is faced with felony punishment for violation of such status cannot do so.

2. Appellee introduced in evidence a certified copy of a DPS computer print-out showing the three pertinent DUI convictions. Its admission was proper under OCGA § 40-5-2(e) (Code Ann. § 68B-215). *Niehaus v. State,* 149 Ga. App. 575 (1) (254 SE2d 895); *Magruder v. Cofer,* 153 Ga. App. 7 (3) (264 SE2d 506); *Todd v. State,* 163 Ga. App. 814 (2), supra.

Appellant contends that the print-out should not have been admitted because its reliability or trustworthiness has not been established.

Since the admissibility of the document was established by law without such showing, there is no merit in the contention. Appellant certainly had the right to show that the print-out was untrustworthy,

and thus diminish its credibility or persuade the court not to admit it. However, there is no evidence of record to show that the print-out was not accurate.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 18, 1983.

*Frank K. Martin,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Stubbs, Executive Assistant Attorney General, Marion O. Gordon, John C. Walden, Senior Assistant Attorneys General, Victoria H. Soto, Assistant Attorney General,* for appellee.