## A97A0674. MORRISON v. THE STATE.
### (484 SE2d 762)

BLACKBURN, Judge.

Eugene Morrison was convicted by a jury of driving under the influence of alcohol, no proof of insurance, and leaving the scene of the accident. Morrison appeals his convictions of driving under the influence and no proof of insurance contending that the State improperly impeached a witness and that the evidence was insufficient to support his convictions.

1. Viewed in the light most favorable to the verdict, the evidence indicates that Morrison was driving his wife's car when he scraped the rear end of the victim's car along the driver's side. Morrison did not stop at the scene of the accident, and the victim attempted to follow him. Within 35-45 minutes after the collision, the victim, her passenger, her husband, and Officer Thomas questioned Morrison at his residence. The victim testified that Morrison's speech was slurred, and that he smelled like he had been drinking beer. The victim's passenger testified that Morrison's behavior led her to believe he was intoxicated or under the influence of something. Officer Thomas testified that Morrison was unsteady on his feet, had bloodshot eyes, and slurred speech. He further testified that Morrison smelled of an alcoholic beverage and that, in his opinion, Morrison

was under the influence of alcohol. Morrison argues on appeal that he could have consumed alcoholic beverages between the time of the accident and the time he was arrested. However, Morrison testified that he had been sleeping prior to the time Officer Thomas arrived at his house.

Officer Thomas testified that he asked Morrison for proof of insurance and Morrison was unable to produce it. Morrison told Officer Thomas that he did not have an insurance card in the car. At trial, Morrison produced an insurance card which indicated insurance at the time of the collision. While this evidence should have impacted the sentence Morrison received, which Morrison did not appeal, it does not impact his conviction for driving without proof of insurance. See OCGA § 40-6-10 (a) (4) (court shall impose fine not to exceed $25 where person shows coverage was in effect).

"On appeal from a finding of guilt, the presumption of innocence no longer prevails and evidence must be viewed in the light most favorable to the verdict, for it reflects the jury's determination on the credibility and weight of evidence which determination we must accept; we consider only the sufficiency of the evidence to support a conviction. We have reviewed the evidence in favor of the jury's verdict and find it sufficient to enable a rational trier of fact to find [Morrison] committed the offenses charged[] beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis." (Citation and punctuation omitted.) *Posey v. State*, 215 Ga. App. 565, 567 (451 SE2d 463) (1994).

2. In two enumerations of error, Morrison contends that the trial court erred in allowing the State to improperly impeach his witness with the witness's former plea to being a habitual violator. Morrison argues that the State's method of impeachment was improper and that habitual violator status is not a crime involving moral turpitude.

The Supreme Court of Georgia has previously held that conviction of a felony involves moral turpitude. See *Lewis v. State*, 243 Ga. 443, 446 (254 SE2d 830) (1979). Although the record in the present case is not clear as to whether the witness was convicted of felony or misdemeanor habitual violator status, see OCGA § 40-5-58 (c) (1) and (2), Morrison has failed to argue at trial or on appeal that the conviction was a misdemeanor. Therefore, we find that the trial court did not abuse its discretion in allowing the testimony. We further find that even assuming the State's method of impeachment was error, it was harmless error which did not contribute to the jury's verdict.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 25, 1997.

*William D. Edwards*, for appellant.
*Richard W. Shelton, Solicitor*, for appellee.