## A98A0745. JOHNSON v. THE STATE.
(504 SE2d 8)

ELDRIDGE, Judge.

A Chatham County jury found Edward Devoun Johnson guilty of two counts of selling cocaine. On appeal, Johnson challenges the sufficiency of the evidence introduced against him, as well as the admission of similar transaction evidence and impeachment evidence. We affirm Johnson's conviction.

1. The evidence was sufficient to support the guilty verdict. The State produced testimony from two undercover police officers who identified Johnson as the person who sold them suspected cocaine on two occasions. A chemist from the State Crime Lab testified that he tested the substance involved in each sale, and the substances tested positive for cocaine. Further, the State produced similar transaction evidence that Johnson had previously sold cocaine to another undercover police officer about a block away from the present sales.

In considering an appeal from a criminal conviction, this Court does not weigh the evidence or determine the credibility of witnesses but only determines whether the evidence viewed in the light most favorable to the guilty verdict was sufficient to support the conviction. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). The evidence was sufficient for the jury to conclude beyond a reasonable doubt that Johnson was guilty of both sales of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As evidence of a prior similar transaction, the trial court admitted testimony from a former undercover police officer that in

December 1987, Johnson sold cocaine to him about a block from the present sales. As part of the similar transaction evidence and over defense counsel's objection, the trial court admitted documentary evidence of Johnson's first offender guilty plea to the 1987 offense.

After the evidence was presented to the jury, the trial court subsequently reversed its ruling on the admissibility of the first offender plea and ruled that it was not admissible into evidence. At the request of defense counsel, the trial court gave curative instructions to the jury explaining the nature of first offender treatment and instructing the jurors that Johnson's first offender plea to the offense was not a conviction and that it was not to be considered by the jury in any way in connection with the case. The trial court told the jurors that they could consider the testimony relating to the circumstances of Johnson's prior conduct. After giving the requested curative instruction, the trial court asked defense counsel if any further instruction was requested and defense counsel responded in the negative.

Johnson contends on appeal that the trial court's curative instruction was insufficient to cure the error and ensure him of a fair trial.

Testimony concerning the circumstances of the prior similar transaction was properly admitted; however, it was error to admit Johnson's first offender guilty plea as evidence that he committed the prior similar offense. *Tilley v. State*, 197 Ga. App. 97 (397 SE2d 506) (1990); *Davis v. State*, 269 Ga. 276 (496 SE2d 699) (1998). Nevertheless, the trial court corrected the error and gave the jury curative instructions requested by defense counsel. No motion for a mistrial was made, and defense counsel indicated satisfaction with the curative instructions. Because defense counsel acquiesced in the curative instructions, made no renewed objection or mistrial motion, and stated no other action he desired the court to take, this enumeration presents nothing for appellate review. *Fann v. State*, 254 Ga. 514, 517 (331 SE2d 547) (1985).

3. Johnson challenges as reversible error the introduction for impeachment purposes of a 1975 guilty plea for the offense of misdemeanor theft by shoplifting. Johnson contends that the State failed to prove that he is the "Edward Johnson" named in the prior guilty plea. This enumeration of error is meritless for the following reasons.

(a) When asked if he had objection to the introduction of the shoplifting conviction for impeachment purposes, the defense attorney stated "I do, Your Honor. I don't believe there's been a proper foundation laid." That was all. The trial court reserved ruling, and the defense attorney did not raise further objection at the time of ruling.

It has long been the law that " '[o]bjection on the ground of a lack

of proper foundation *without stating what the proper foundation should be* is insufficient and presents nothing for consideration on appeal.'" (Emphasis supplied.) *Gordon v. State*, 206 Ga. App. 450, 455 (4) (b) (425 SE2d 906) (1992); *Adams v. State*, 264 Ga. 71, 74 (440 SE2d 639) (1994).[1] Here, the defense attorney never stated why the foundation was allegedly defective and "what the proper foundation should be" so as to preserve this issue for appeal. Accordingly, under the law, Johnson's enumeration of error regarding the introduction of his prior conviction for shoplifting presents nothing for our consideration on appeal. Id.

(b) However, even assuming arguendo that this claim of error is properly before us, it remains meritless. The rule with regard to the introduction of a prior conviction for impeachment purposes is that "[if] the witness testifies *positively and unequivocally* under oath that he was never indicted, tried, convicted, or sentenced for the offense therein charged in the county from which the certified record comes, [then] the presumption arising *solely* from the identity of names is overcome," and the State must offer further proof. (Emphasis supplied.) *Robinson v. State*, 209 Ga. 650, 651 (4) (75 SE2d 9) (1953).[2]

At trial, Johnson testified that he had serious memory problems due to "anxiety reaction" stemming from the Vietnam war. Accordingly, under such facts, Johnson's assertions "I don't know anything about this" and "Shoplifting? No, I never shoplift before[,]" can hardly be considered a "positive and unequivocal" denial of his identity as the "Edward Johnson" named in the 1975 Chatham County indictment, guilty plea, and sentence for shoplifting so as to rebut the State's prima facie showing. In that regard, Johnson also denied any knowledge of: the incident for which he was on trial; his 1987 prior conviction for selling drugs (introduced as a similar transaction); *and* the prior 1975 conviction for shoplifting. Such blanket denials in the face of purported memory loss made the issue of Johnson's identity one for the jury, not a basis for reversal by this Court.

Further, concordance of name was not the *sole* proof of identity so as to trigger the rule in *Robinson v. State*, supra, as cited above. There was also concordance of location between the prior offense and Johnson's locale at the time of the offense (Savannah), and similarity of age in 1975 (27-28 years old). Thus, Johnson's mere denial that he was the person named in the indictment did not rebut the State's

---

[1] Generally, this Court does not cobble together the trial testimony of the defendant, an insufficient objection raised by the defense attorney, and the subjective understanding of the trial court in order to fashion a preserved issue for appeal based upon "the context of the proceedings," as advocated by the dissent herein.

[2] But see *Wyley v. State*, 169 Ga. App. 106, 109 (3) (311 SE2d 530) (1983), where an unusual name may provide a sufficient basis for admission, even when the defendant "positively and unequivocally" denies he is the person named in the prior conviction.

prima facie showing. Under the circumstances of this case, there must be a denial *and* proof to the contrary. *Hammond v. State*, 139 Ga. App. 820, 822-823 (229 SE2d 685) (1976); *Hill v. State*, 162 Ga. App. 637, 638 (292 SE2d 512) (1982); *Glass v. State*, 181 Ga. App. 448 (352 SE2d 642) (1987). Without such proof, there was no error in the admission of the prior conviction for whatever weight the jury wished to assign it.

(c) Finally, "[t]he proper test to determine whether error is harmless (due to overwhelming evidence of guilt) is not whether there is sufficient other evidence to convict but whether it is highly probable that the error did not contribute to the judgment. *Ragan v. State*, 264 Ga. 190, 192 (3) (442 SE2d 750) [(1994)]." (Citations and punctuation omitted.) *Letlow v. State*, 222 Ga. App. 339, 343 (474 SE2d 211) (1996).

Here, the State presented the testimony of two undercover police officers to whom Johnson had made the 1994 hand-to-hand crack cocaine sales that are the subject of the instant appeal. The officers positively identified Johnson as the seller. In addition, the State presented similar transaction testimony from an undercover police officer who positively identified Johnson as the person who sold him crack cocaine in 1987. Both the 1987 sale and 1994 sales occurred at the same location, next to Johnson's home at 263 Ferrell Street in Savannah, and, in both instances, intermediaries took the undercover officers to Johnson, who was holding the crack cocaine.

At trial, the defense was alibi. Johnson called as witnesses three men who work as mechanics for Johnson in the backyard of his home, which also serves as a car servicing lot; they each testified that they worked in the car yard on the date of the cocaine sales and that Johnson was at home with a "bad back" on that day. However, factually, the record shows that the alibi could not be sustained.

Witness Harry Mitchell could not remember for which day he was supposed to provide the "bad back" alibi: "October 15? Is that the day that I was supposed to been in the yard, that day?" He also testified that "I don't exactly know what happened that day. I was under the car." Witness Frank Hayes testified that he left Johnson's house at dusk because he could not work on cars in the dark and that it would have been dark by 9:45 p.m. The cocaine sales occurred at 9:45 p.m. Johnson's last witness, James Cohen, stated that he, too, left Johnson's car yard at approximately 8:30 to 9:00 p.m., well before the 9:45 p.m. cocaine sales occurred.

Johnson took the stand, as well, and testified on his own behalf. He testified only that "in the middle of September," 1994, he suffered a muscle spasm in his back; no other time frame in relation to the incident date was given, and Johnson did not testify that his bad back incapacitated him. Johnson further stated that all of the officers

who testified against him lied on the stand under oath and committed perjury. He testified that he "couldn't say why" the officers were lying and that he had no evidence of a police conspiracy against him, but that "sometime it happens."

In light of the overwhelming evidence of Johnson's guilt, including eyewitness testimony regarding Johnson's sale of cocaine to undercover police officers, his prior conviction for sale of cocaine to an undercover police officer, as well as the lack of a viable defense, the admission of a 20-year-old misdemeanor shoplifting conviction, if error at all, was harmless. *Morrison v. State*, 225 Ga. App. 710 (484 SE2d 762) (1997); *Letlow v. State*, supra at 343. A review of the record shows that Johnson's own testimony and that of his witnesses did more to undermine his credibility than the admission of limited evidence of a 1975 misdemeanor conviction which was totally unrelated in any fashion to the charges against him. It is highly probable that such misdemeanor conviction did not contribute to the judgment. Id.

*Judgment affirmed. McMurray, P. J., Johnson, P. J., Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., dissents.*

ANDREWS, Chief Judge, dissenting.

Because I conclude the admission of the prior shoplifting conviction as impeachment evidence was reversible error, I respectfully dissent.

Johnson testified on direct examination that, other than the 1987 drug offense admitted as a similar transaction, he had never been convicted of a crime. Based on this statement, the State sought to impeach him with evidence that he had a prior conviction for shoplifting. Where a defendant testifies in his own behalf and falsely denies a past criminal conviction, the State is entitled to impeach the defendant by producing rebuttal evidence establishing the prior conviction. *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988). Although under the "best evidence" rule, a prior conviction must be proved by a certified copy rather than by cross-examination, defense counsel made no objection to the State's initial attempt to prove the prior conviction by cross-examination of Johnson. See *McIntyre v. State*, 266 Ga. 7, 10 (463 SE2d 476) (1995).

On cross-examination, the State confronted Johnson with a certified copy of an October 1975 misdemeanor shoplifting conviction of an "Edward Johnson." The conviction showed that the Edward Johnson who was convicted of the offense was 28 years of age at the time of the offense and resided at an address in Fort Lauderdale, Florida. The defendant in the present case was indicted under the name "Edward Devoun Johnson." The 1975 shoplifting conviction showed

that it was prosecuted in the State Court of Chatham County. The present charges were tried in the Superior Court of Chatham County where Johnson currently resided.

In response to questions posed by the prosecutor, Johnson gave his social security number and testified that he was born on April 28, 1948. It follows that at the time of the October 1975 shoplifting offense, Johnson was 27 years old. Johnson further testified that in 1975, he graduated from Savannah State College and took a teaching job in Albany, Georgia. After Johnson reviewed the shoplifting conviction at the prosecutor's request, he said, "I don't know anything about this." The prosecutor then stated to Johnson, "[This] [a]ppears to be a shoplifting conviction you pled guilty to, isn't it?" Johnson responded, "Shoplifting? No, I never shoplift before." Thereafter, the prosecutor stated to the trial court that, "[W]e're going to offer this into evidence even though he's contesting it" and submitted to the court for impeachment purposes an exhibit containing a certified copy of the warrant and plea on the prior conviction and what appeared to be a copy of criminal records kept by the district attorney's office. The prosecutor also informed the trial court that the State found the shoplifting conviction during "a records check" on the defendant and that "it [came] up under his records for the social security number and date of birth he's given." Defense counsel objected to admission citing the lack of a proper foundation.

Although in making the objection defense counsel did not specify that Johnson was not identified as the person convicted of shoplifting, it was clear from the context of the proceedings that the objection was made on the basis of Johnson's immediately preceding denial that he was the person convicted and the prosecutor's immediately preceding statement to the trial court that the conviction was being offered into evidence even though Johnson had just denied that he was the person convicted. Moreover, in ruling to admit the certified copy of the conviction, the trial court showed that it understood the specific basis of the objection by stating that, "I don't know that it satisfactorily identifies him, but that doesn't go to the admissibility of it, it goes to the weight and credit of it."

The general rule as to preservation of an objection to admission of evidence has been stated as follows: "[T]he burden is upon the objecting party to state at the time some reason why it should not be admitted. It will not be sufficient for him to say, 'I object,' or 'I object because the evidence is not competent' or 'is inadmissible.' The attention of the [trial] court must be called to the specific ground of objection at the time the evidence is offered, and a failure [to do so] will be considered as a waiver." (Punctuation omitted.) *Perkins v. Edwards*, 228 Ga. 470, 473 (4) (186 SE2d 109) (1971), quoting from *Andrews v. State*, 118 Ga. 1, 3 (43 SE 852) (1903); *King v. State*, 151 Ga. App. 762

(261 SE2d 485) (1979). The record demonstrates that in the context in which it was made, the trial court clearly understood the basis for the objection made by defense counsel and ruled on that specific basis. Under these circumstances, there is no reason to conclude that this issue was not sufficiently preserved for appellate review.

In considering whether to admit the exhibit submitted by the State, the trial court noted that it not only contained the certified copy of the shoplifting conviction but also had attached what appeared to be "a copy of the D.A.'s criminal record-keeping system." The record-keeping system contained information apparently compiled by the district attorney's office showing that an "Edward Johnson" was sentenced on a shoplifting charge in October 1975. Under a separate listing, the record-keeping system also showed an "Edward D. Johnson" with the same social security number and birthday as the defendant. The trial court properly refused to admit the copy of the D.A.'s criminal record-keeping system. But the trial court admitted into evidence the certified copy of the shoplifting conviction for impeachment purposes.

I disagree with the majority's conclusion that Johnson did not sufficiently deny he was the person convicted in the 1975 shoplifting conviction. Any fair construction of the record shows that when Johnson was confronted by the prosecutor with the certified copy of the 1975 shoplifting conviction, he clearly denied he was the person convicted. Other evidence that Johnson had memory problems did not change his testimony on this point. Johnson also gave testimony on cross-examination indicating that at the time of the 1975 shoplifting, he was 27 years old and resided in Albany, Georgia — not 28 years old and a resident of Fort Lauderdale, Florida, the age and residence of the convicted shoplifter. Moreover, contrary to the State's contention, no evidence was admitted showing that Johnson's age and social security number coincided with the age and social security number of the "Edward Johnson" convicted of shoplifting.

There was no question that if Johnson was the person convicted of the prior shoplifting, the conviction was relevant and admissible for impeachment purposes. *Jones*, 257 Ga. at 759. Under these facts, the function of the trial court in considering the admissibility of the prior shoplifting conviction for impeachment purposes was to first determine whether the evidence was sufficient to make a prima facie case to submit the factual issue to the jury of whether Johnson was identified as the convicted shoplifter. OCGA § 24-4-40 (a); *Wyley v. State*, 169 Ga. App. 106, 109 (311 SE2d 530) (1983); see *Plummer v. State*, 200 Ga. 641, 645 (38 SE2d 411) (1946); *Stembridge v. State*, 82 Ga. App. 214, 215 (60 SE2d 491) (1950); Green, Ga. Law of Evidence (4th ed.), § 9. Concordance of name is some evidence of identity and is generally sufficient to establish prima facie evidence of identity of

persons, but it is not conclusive. OCGA § 24-4-40 (a); *Mullery v. Hamilton*, 71 Ga. 720, 724-725 (51 AR 288) (1884); *Shuler v. State*, 125 Ga. 778, 782 (54 SE 689) (1906); *Hicks v. Simpson*, 229 Ga. 214, 218 (190 SE2d 73) (1972). Where concordance of name is established, "in the absence of any denial by the defendant and no proof to the contrary[,] this concordance of name is sufficient to show that the defendant and the [individual] previously convicted were the same person." (Citations and punctuation omitted.) *Hammond v. State*, 139 Ga. App. 820, 822-823 (229 SE2d 685) (1976); *Hill v. State*, 162 Ga. App. 637, 638 (292 SE2d 512) (1982); *Glass v. State*, 181 Ga. App. 448 (352 SE2d 642) (1987).

Applying these principles, the record shows that the only evidence submitted by the State establishing that Johnson and the individual previously convicted of shoplifting were the same person was the concordance of name, which established prima facie evidence of identity. The majority concludes that there was more than concordance of name, finding that "[t]here was also concordance of location between the prior offense and Johnson's locale at the time of the offense (Savannah), and similarity of age in 1975 (27-28 years old)." The record does not support this conclusion. Although the October 1975 shoplifting occurred in Savannah, Johnson testified that he left Savannah when he graduated from college in 1975 and took a teaching position in Albany. Moreover, the certified copy of the 1975 shoplifting conviction shows that the "Edward Johnson" convicted of the offense was a resident of Fort Lauderdale, Florida, and was 28 years of age at the time. The record shows that Johnson was 27 years old in October 1975. The only evidence produced by the State to establish a prima facie case that Johnson was the person convicted of the 1975 shoplifting was concordance of name.

Johnson's testimony denying that he was the convicted shoplifter rebutted the State's prima facie case and shifted the burden to the State to produce additional evidence of identity. Since the State produced no additional evidence, the evidence was not sufficient for the trial court to admit the prior shoplifting conviction and submit it to the jury. Accordingly, the trial court erred in doing so.

The question remains whether the error can be found harmless. Under the test set forth in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), the error can be deemed harmless if it is highly probable the error did not contribute to the guilty verdict. Although on cross-examination of Johnson, the jury had already been made aware of the State's contention that Johnson had a prior shoplifting conviction, Johnson denied the allegation and at that point, the prior conviction had not been admitted into evidence. Thereafter, the trial court erroneously admitted the prior conviction into evidence and charged the jury that a witness may be impeached by proof of the

prior conviction and that "to impeach a witness is to prove the witness is unworthy of belief." Johnson's defense was that he did not sell the cocaine to the police officers. He produced testimony from friends that he was sick and could not get out of bed on the day of the alleged cocaine sales. Johnson testified in his own defense that he did not sell the cocaine and that the police officers were lying. Given that Johnson's defense was to directly challenge the credibility of the police officers, who were the State's only witnesses to his alleged sale of cocaine, his own credibility was crucial. Accordingly, I cannot conclude that the trial court's erroneous admission of this impeachment evidence and its charge to the jury that an impeached witness is unworthy of belief was harmless. *Beasley v. State*, 204 Ga. App. 214, 218 (419 SE2d 92) (1992); see *Wilson v. State*, 254 Ga. 473, 477 (330 SE2d 364) (1985).

DECIDED JUNE 19, 1998 —
RECONSIDERATION DENIED JULY 8, 1998 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.