## A99A1815. MARTINEZ v. THE STATE.
(528 SE2d 294)

SMITH, Judge.

Jerry Martinez was convicted of two counts of armed robbery and one count of possession of a firearm during the commission of a felony. His motion for new trial was denied, and Martinez brings this appeal, contending that the trial court erred in allowing certain testimony by the arresting officer and that his trial counsel was ineffective. We find no merit in either assertion of error, and we affirm the judgment.

1. Martinez first contends it was error to allow Gwinnett County Police Department Detective D. P. Henry to testify that Martinez was taken into custody on an outstanding warrant for an unrelated charge. We do not agree. First, Martinez raised no contemporaneous objection to the testimony. Although counsel did voice an objection to the anticipated testimony before the detective took the stand, he did

---

not object at the time the testimony was given. An "anticipatory" objection cannot suffice to preserve the issue. It is well established that if the evidence is not objected to at the time it is admitted, its admission cannot later be raised as error on appeal. *Sides v. State*, 213 Ga. 482, 487-488 (5) (99 SE2d 884) (1957). In *Sides*, the defense lawyer similarly objected to anticipated testimony, and the Supreme Court held that such objections are "premature" and cannot be considered objections to the testimony subsequently given. Id. at 488 (5).

Even if the issue had been properly preserved, it has no merit. This court has held consistently that circumstances surrounding an arrest may be admitted as part of the res gestae, notwithstanding that they incidentally place the defendant's character in issue. *Samples v. State*, 234 Ga. App. 8, 10 (1) (a) (505 SE2d 813) (1998); see *Humphries v. State*, 154 Ga. App. 596 (2) (269 SE2d 90) (1980).

2. Martinez maintains that his trial counsel was ineffective because he did not subpoena or call the officer who made the initial police report, which showed that one of the victims described the robber as a black male.

The trial court found that Martinez's trial counsel rendered effective assistance. On appeal, a trial court's ruling on this issue must be affirmed unless it is clearly erroneous.

> To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel.

(Citations and punctuation omitted.) *Hollis v. State*, 225 Ga. App. 370, 371-372 (3) (484 SE2d 54) (1997). The burden is on the appellant to prove his counsel was ineffective. *McClarity v. State*, 234 Ga. App. 348, 351 (3) (506 SE2d 392) (1998). And to obtain a reversal, he must prove both prongs of the test in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984): He must show not only that counsel's performance was deficient but also that a reasonable likelihood exists that the outcome of his trial would have been different but for counsel's ineffectiveness. *Tucker v. State*, 232 Ga. App. 350, 351 (c) (501 SE2d 868) (1998).

It appears that Martinez is arguing that without the testimony of the officer making the original police report, the jury was unaware that the victim's original description differed from his later identification of Martinez, who is Hispanic. But the victim himself testified on cross-examination, after having his recollection refreshed, that he had initially described his assailant as a black male. Detective Henry

also testified that the victim originally described the robber as a black male, which was recorded in the police report. The testimony of the officer making the original report therefore would have been simply cumulative of other evidence. We therefore conclude that Martinez failed to carry his burden of showing that the outcome of the trial would have been different had the officer been called. See *Ramey v. State*, 239 Ga. App. 620, 623 (520 SE2d 55) (1999).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JANUARY 19, 2000 — ▮▮▮▮▮▮▮▮▮

*Christopher T. Adams*, for appellant.

*Daniel J. Porter, District Attorney, James M. Miskell, Assistant District Attorney*, for appellee.