A02A0865. TACKETT v. THE STATE.
(570 SE2d 720)

PHIPPS, Judge.

Roger Tackett appeals his convictions of six counts of aggravated child molestation, five counts of child molestation, and three counts of cruelty to children in the first degree. Two of the three victims were brother and sister, aged twelve and nine, respectively, at the time of trial, and the third was a male neighbor, who was fifteen at the time of trial. The offenses were alleged to have occurred between five and seven years earlier. Tackett contends that his trial counsel was ineffective in failing to object to certain videotaped evidence and in not interviewing the State's witnesses before trial. He also claims error in the admission of the videotaped evidence and of evidence of a prior conviction. He contends, finally, that venue was not proved as to the three counts involving the neighbor. We find that venue was not proved as to one of those counts, and we reverse only that conviction. All other convictions are affirmed.

1. Tackett claims error in the admission of the portion of the brother's videotaped interview involving his observations of molestations of his sister and the neighbor. During mid-trial proceedings out of the presence of the jury, Tackett objected to admission of the video as a whole and to portions of it, but he did not object when the video was offered into evidence and shown to the jury. As we recently held, "[a]lthough counsel did voice an objection to the anticipated testimony . . . , he did not object at the time the testimony was given. . . . [I]f the evidence is not objected to at the time it is admitted, its admission cannot later be raised as error on appeal."[1]

---

[1] (Citation omitted.) *Martinez v. State*, 241 Ga. App. 863-864 (1) (528 SE2d 294) (2000).

2. Tackett argues that his trial counsel's failure to object to this evidence amounted to ineffective assistance of counsel. Tackett raised this point in a supplemental brief filed after the hearing on his motion for a new trial but before the court denied it. Although Tackett and his trial counsel testified at the new trial hearing with respect to the question of ineffectiveness, their testimony did not bear on this failure to object, nor did any of the other evidence presented. "Absent any testimony from the attorney explaining his decision not to [object to evidence], we presume the decision was tactical. And because [the defendant] has presented no other evidence to the contrary, he has failed to carry his burden of proving ineffective assistance of counsel."[2] Accordingly, we must presume that the failure of Tackett's counsel to object was a tactical decision, and this claim of ineffective assistance of counsel must fail.

3. Tackett claims his counsel was ineffective for failing to interview the State's witnesses prior to trial.[3] Tackett's trial counsel testified at the hearing on the motion for a new trial that he felt that his pre-trial review of the statements of those witnesses was sufficient for an adequate cross-examination. He also testified that he reviewed the videotaped interviews of the three victims before trial and that he spent between 30 and 35 hours preparing for trial.

In *Bogan v. State*,[4] as here, a claim of ineffective assistance of counsel was based on failure to interview prosecution witnesses. We noted, however, that trial counsel attested "that he was adequately prepared for trial after preparing for a month and that he was not unfamiliar with the testimony of the State's witnesses, having two times 'read the State's file containing their information, statements,' "[5] and we held that "[t]his does not establish deficient performance as counsel for inadequate trial preparation."[6] We likewise hold on the facts of this case that Tackett has not established that his trial counsel's failure to conduct pre-trial interviews of the State's witnesses constituted ineffective assistance of counsel.

4. Tackett next contends that the trial court erred by allowing evidence of his prior burglary and drug convictions when he had not placed his character into evidence. Although he objected to the

---

[2] (Footnotes omitted.) *Taylor v. State*, 248 Ga. App. 715, 717 (5) (548 SE2d 414) (2001); see also *Eller v. State*, 253 Ga. App. 573, 574 (1) (560 SE2d 60) (2002) ("Since [defendant's] trial counsel did not testify at the hearing on [defendant's] ineffective assistance claim, we assume trial counsel's actions were strategic.") (footnote omitted).

[3] Tackett argues other aspects of what he claims was insufficient preparation for trial; but he enumerates only the failure to interview State's witnesses prior to trial, and "a party cannot expand his enumerations of error through argument or citation in his brief." (Citation omitted.) *Arnold v. State*, 253 Ga. App. 307, 308 (1), n. 1 (560 SE2d 33) (2002).

[4] 249 Ga. App. 242, 244-245 (2) (a) (547 SE2d 326) (2001).

[5] Id.

[6] (Citation omitted.) Id. at 244.

admission of the burglary conviction, he did not object with respect to the drug conviction. Accordingly, we limit our consideration to the burglary conviction.[7] The State concedes that Tackett had not placed his character in issue with respect to that conviction and that questioning him about that conviction was thus error. It contends, however, that because of the overwhelming evidence against Tackett, this error was harmless.

We find that Tackett had not placed his character in issue, and we agree with the parties that admission of the burglary conviction was thus error. "[A] defendant who testifies may not be impeached by a prior felony conviction involving moral turpitude unless he first has placed his character into evidence."[8] We further find, however, that it was harmless.

In *Johnson v. State*,[9] we applied harmless error analysis in this context as follows:

> In light of the overwhelming evidence of [defendant's] guilt, including eyewitness testimony regarding [his] sale of cocaine to undercover police officers, his prior conviction for sale of cocaine to an undercover police officer, as well as the lack of a viable defense, the admission of a 20-year-old misdemeanor shoplifting conviction . . . was harmless.[10]

Here, each of the three victims testified, as did a similar transaction witness. The mother of the brother and sister testified that her daughter spontaneously stated that she and Tackett had "secrets" and further testified as to what both children told her the day after the offenses in describing them. The mother also testified that she later found under her bed, together with K-Y jelly, a statue of a hand with the middle finger extended, which her son told her Tackett had used in anally sodomizing him.[11] Tackett admitted that he had seen, in the house in which he lived with the mother, a statue of a hand with its middle finger extended.

Finally, the burglary conviction was 18 years old at the time of trial[12] and was, as in *Johnson*, supra, "totally unrelated in any fash-

---

[7] *Martinez*, supra.

[8] (Footnote omitted.) *Mann v. State*, 273 Ga. 366, 370 (2) (541 SE2d 645) (2001).

[9] 233 Ga. App. 301, 305 (3) (c) (504 SE2d 8) (1998).

[10] (Citations omitted.) Id. We also noted that the conviction there "was totally unrelated in any fashion to the charges against [defendant of selling cocaine]"; that is true here as well, as the underlying intent in Tackett's burglary conviction·was the intent to commit theft.

[11] The statements to the mother were admissible under the Child Hearsay Statute, OCGA § 24-3-16.

[12] See *Johnson*, supra.

ion to the charges against [defendant]."[13] Accordingly, although it was error to admit it, in this case we find that "[i]t is highly probable that [admission of the burglary] conviction did not contribute to the judgment."[14]

5. Lastly, Tackett claims that the State failed to prove venue with respect to Counts 5, 13, and 14, involving the neighbor. The mother testified that, at the time of the events, she lived with her two children in Troup County, where all fourteen offenses were alleged to have occurred. The neighbor's videotaped testimony established that Tackett anally sodomized him in the home of the mother and her children. Accordingly, venue was established beyond a reasonable doubt with respect to Count 5, charging aggravated child molestation of the neighbor.[15]

The neighbor's videotaped testimony also showed that Tackett threatened to cut off the neighbor's foot if he told anyone about the molestation and that the threat was made at the same place. Accordingly, venue was established beyond a reasonable doubt with respect to Count 13, the cruelty to children charge involving the neighbor.

The neighbor's videotaped testimony, however, contains nothing with respect to either the substance or the place of occurrence of Count 14, charging aggravated child molestation in "making [the neighbor] place his mouth on the penis of [Tackett]." The neighbor testified that Tackett "stuck his penis in my mouth" and that "we was in Columbus . . . when all that happened. And somewhere right up by Atlanta." Although he also testified that the sister was "around" at the time and that Tackett "called us back there in the bathroom," that testimony does not prove beyond a reasonable doubt that the offense occurred in Troup County.[16] Accordingly, we reverse Tackett's conviction of aggravated child molestation of the neighbor as charged in Count 14.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 6, 2002.

*Alfred F. Zachry*, for appellant.

---

[13] *Johnson*, supra at 305 (3) (c); see n. 10, supra.

[14] *Johnson*, supra at 305 (3) (c).

[15] See *Robinson v. State*, 275 Ga. 143, 144 (2) (561 SE2d 823) (2002) (evidence that dead body discovered in yard on edge of named street and that named street is in forum county sufficient to establish venue in murder prosecution).

[16] See *Cash v. State*, 254 Ga. App. 718, 721 (2) (563 SE2d 459) (2002) (State must prove venue beyond a reasonable doubt).

*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney,* for appellee.