# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James W.,**
**Petitioner Below, Petitioner**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0800** (Fayette County 12-C-133)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W.,[1] *pro se*, appeals the order of the Circuit Court of Fayette County, entered May 14, 2012, denying his petition for a writ of habeas corpus. The respondent warden, by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 9, 2008, petitioner was charged in an indictment with seven counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3, seven counts of sexual abuse by a parent, guardian or custodian in violation of West Virginia Code § 61-8D-5, and seven counts of incest in violation of West Virginia Code §61-8-12. All of the charges arose from seven separate acts involving his step-daughter, J.T., during the first seven months of 2007.

At trial, Sandra W. testified that she had been married to petitioner for eleven years[2] when, on July 29, 2007, she discovered petitioner with her eleven-year-old daughter, J.T., in a back room of their home. Sandra W. testified that she observed petitioner in a prone position above her daughter, who was lying on a mattress, with the front of his sweat pants pulled below his genitals revealing his erection. Sandra W. testified that her daughter later revealed to her that "it had been going on" for a long time. During Sandra W.'s testimony, she identified various letters that she had

---

[1] Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] It appears from the record that Sandra W. and petitioner are now divorced.

1

received from petitioner while he was in jail awaiting trial, which letters included language such as, "I know what I am accused of and that this is all my fault . . ." and "I don't expect you to trust me around your kids ever again . . . ."

The victim, J.T., testified at trial that petitioner placed his penis in her vagina at least once during each of the months of January through July of 2007. The trial transcript also contains the testimony of Fred Akerberg, M.D., who testified that his sexual assault examination of J.T. showed "no evidence of a hymen or hymenal remnants" which, in the majority of cases, is caused by something penetrating the vagina.

The jury returned a verdict finding petitioner guilty on all twenty-one counts of the indictment. The pre-sentence investigation report reflects that petitioner showed no remorse and did not accept responsibility for his conduct. The report further reflects petitioner's criminal history, including multiple prior convictions for grand theft, battery, robbery, and burglary, as well as a history of probation and parole violations. Based on these factors, the circuit court found that there was a substantial risk that petitioner would reoffend. The circuit court imposed an overall sentence of 135 to 440 years in prison. When petitioner appealed his conviction and sentence, this Court affirmed in *State v. [James W.]*, No. 11-0586 (W.Va. Supreme Court, November 28, 2011) (memorandum decision).

On April 18, 2012, petitioner filed a petition for a writ of habeas corpus alleging eight grounds for relief: (1) ineffective assistance of both trial and appellate counsel; (2) knowing use of perjured testimony; (3) conviction wrongfully obtained; (4) insufficient evidence of guilt beyond a reasonable doubt; (5) multiple charges for the same offense; (6) actual innocence; (7) defective jury instructions; and (8) cumulative error. The circuit court denied the petition by an order entered May 14, 2012.

In its order denying the petition, the circuit court found that petitioner either did not support his grounds with adequate factual support or raised grounds that were not cognizable in habeas corpus, citing Syllabus Point Four, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 895 (1979), *cert. denied*, 464 U.S. 831 (1983). The circuit court specifically addressed the ineffective assistance claims. The circuit court found that contrary to petitioner's allegation that the defense of actual innocence was not mounted, "trial counsel did, at trial, set forth a defense of actual innocence on behalf of . . . [p]etitioner and did not violate the standard set forth in *Strickland [v. Washington*, 466 U.S. 668 (1984)]."[3]

The circuit court found that appellate counsel also did not violate the standard set forth in *Strickland* for determining ineffective assistance. The circuit court indicated that it reviewed the

_____

[3] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995).

petition for appeal filed on petitioner's behalf. The circuit court found that petitioner failed to support his claim regarding appellate counsel with material factual allegations because petitioner "fail[ed] to elaborate upon what additional issues should have been raised or why it was ineffective assistance of counsel to raise no other issues." Finally, the circuit court noted that "the State of West Virginia presented to an impartial jury evidence clearly sufficient to prove, beyond a reasonable doubt, . . . [p]etitioner's guilt as to the charges upon which . . . [p]etitioner was put to trial."[4]

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asserts that he was prejudiced by ineffective assistance of both trial and appellate counsel. Petitioner argues that this case should be reversed and remanded for appointment of counsel and a habeas corpus omnibus hearing.[5] The respondent warden asserts that the circuit court's findings are sufficient to demonstrate that petitioner is entitled to no relief.

Based upon a review of both the petition and the order denying it, this Court finds that the circuit court correctly determined that petitioner either did not support his grounds with adequate factual support or raised grounds that were not cognizable in habeas corpus. The circuit court's findings specific to ineffective assistance of counsel are sufficient to demonstrate that petitioner is not entitled to either appointment of counsel or a habeas hearing on that ground. *See* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is

---

[4] The circuit judge who denied the instant petition was the same judge who presided over petitioner's criminal trial, so the judge possessed firsthand knowledge of the underlying proceeding including how trial counsel performed.

[5] Petitioner mentions two duties of counsel: (1) the duty to conduct an adequate investigation; and (2) the duty to communicate a plea offer to the client. These duties were not discussed in the petition for a writ of habeas corpus. Furthermore, petitioner's discussion of the duties on appeal is not supported by factual allegations specific to his case. "A mere recitation of [a ground] without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh v. McKenzie*, 166 W.Va. 762, 771, 277 S.E.2d 606, 612 (1981).

entitled to no relief."). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

4